CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 11 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

JAREE BELL,

    Plaintiff,

v.

CHARLOTTESVILLE DEPARTMENT
OF CHILD PROTECTIVE SERVICES, et al.,

    Defendants.

Civil Action No. 3:15CV00031

**MEMORANDUM OPINION**

Hon. Glen E. Conrad
Chief United States District Judge

Earlier this year, Jaree Bell's minor children were removed from her custody and placed in the custody of their maternal grandmother. Bell commenced this action related to the custody decision by filing a pro se complaint on July 1, 2015. She named as defendants the "Charlottesville Department of Child Protective Services"[1]; three employees of the Charlottesville Department of Social Services, Brenda Sampe, Shannon Maguire, and Elmona Reid; the guardian ad litem appointed for her children, Stephanie Cangin; and Charlottesville Juvenile and Domestic Relations District Court Judge Edward Berry. The case is presently before the court on the defendants' motions to dismiss. For the following reasons, the court will grant the defendants' motions.

### Factual Background

On January 12, 2015, the Charlottesville Department of Social Services filed two petitions in the Charlottesville Juvenile and Domestic Relations District Court, pursuant to Virginia Code §§ 16.1-252 and/or 16.1-253. The petitions sought the removal of Bell's two minor children from her custody. They were supported by an affidavit from Shannon Maguire, a social worker employed by the Charlottesville Department of Social Services. The affidavit indicated that Bell was

---

[1] The court has been advised that this entity is part of the Family Services Division of the Charlottesville Department of Social Services.

incarcerated on charges of domestic violence, malicious wounding, and child abuse as a result of a physical altercation with Desmond Ramsey, the father of Bell's one-year-old daughter, who was present in the home at the time of the incident; that a protective order was in place prohibiting Bell from having any contact with Ramsey or the one-year-old child; that Bell had presented as emotionally unstable; and that the Department of Social Services was concerned that she would attempt to take her two children out of state when she was released from jail.

Judge Berry found that the children were abused or neglected, or at risk of being abused or neglected, by Bell. On January 21, 2015, Judge Berry entered a preliminary removal order awarding temporary custody of the children to their maternal grandmother, Jocelyn Bell. On March 11, 2015, Judge Berry entered a dispositional order transferring custody to the maternal grandmother.

Bell's complaint arises from these custody proceedings. Bell claims that, while she was incarcerated, the Department of Child Protective Services ("CPS") wrongfully transferred custody of her children to their maternal grandmother. Bell contends that false allegations regarding her mental health were made to CPS, and that the department's employees included the allegations in affidavits against her even though there was no "physical proof" to support the allegations. Bell alleges that Cangin, the children's guardian ad litem, has failed to return her messages. Bell further alleges that CPS, Cangin, and Judge Berry have made it impossible for her to reunite with her children.

Bell does not seek any monetary damages. Instead, she asks that this court close the custody case, criminally prosecute those persons who provided false information against her, permanently remove the individual defendants from their positions, and reunite her with her children. Bell notes that she has "all paperwork and emails thus far from CPS and will be requesting more [at her] Aug. 2nd hearing" before Judge Berry.

## Procedural History

Bell, proceeding pro se and in forma pauperis, filed the instant action on July 1, 2015. The defendants subsequently moved to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The court notified Bell of the defendants' motions as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), but she did not file any response. The matter is ripe for disposition.

## Standards of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to move for dismissal of an action for lack of subject matter jurisdiction. The plaintiff bears the burden of proving that subject matter jurisdiction exists. Evans v. B. F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). Dismissal for lack of subject matter jurisdiction is appropriate "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (internal citation and quotation marks omitted). In deciding a motion to dismiss for lack of subject matter jurisdiction, the court should "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id.

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. To survive dismissal for failure to state a claim, a plaintiff must establish "facial plausibility" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "At bottom, a plaintiff must 'nudge [her] claims across the line from conceivable to plausible' to resist dismissal." Wag More Dogs, LLC v. Cozart, 680 F.3d 359, 364-65 (4th Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). While a pro se litigant's pleadings are to be liberally construed, Gordon v.

Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), a pro se complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555, 570. In considering a Rule 12(b)(6) motion, the court may consider exhibits attached to or referred to in the complaint. See Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999).

## Discussion

The defendants have moved to dismiss the plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a plausible claim for relief. The court will consider each argument in turn.

### I.   Motion to Dismiss for Lack of Subject Matter Jurisdiction

The defendants first argue that this court lacks subject matter jurisdiction to award injunctive relief requested in the complaint, specifically the request that this court overturn Judge Berry's custody decision and reunite Bell with her children. The court agrees. Under the Rooker-Feldman doctrine, federal district courts do not have subject matter jurisdiction to hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[2] Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Accordingly, to the extent Bell seeks review of, or relief from, Judge Berry's custody decision, her complaint is subject to dismissal under Rule 12(b)(1).

### II.   Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted

Bell's complaint is also subject to dismissal under Rule 12(b)(6) for a number of reasons.

---

[2] The Rooker-Feldman doctrine is named after two Supreme Court cases, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

4

First, to the extent Bell asks this court to close the custody case or otherwise intervene in ongoing proceedings before Judge Berry, such relief is barred by the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971). The Younger doctrine provides that a federal court should abstain from interfering in a state proceeding, even if it has jurisdiction to reach the merits, if (1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise any federal claims in the state proceedings. Martin Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994).

Applying these principles, the court concludes that Bell's claims for injunctive relief are subject to dismissal under Younger. First, it is clear from the complaint that the state custody proceedings were ongoing at the time this action was filed, since the complaint indicates that Bell was scheduled to appear for a hearing before Judge Berry on August 2, 2015. Second, it is well established that child custody matters implicate important state interests. See Moore v. Sims, 442 U.S. 415, 435 (1979) (family relations are a traditional area of state concern). Third, there is no indication that Bell cannot raise her claims in the state court proceedings. Because Bell has not identified any extraordinary circumstances that might give rise to an exception to the application of the Younger doctrine, the court concludes that it must abstain from hearing any of her claims concerning the pending state proceedings.

Additionally, any claims against the Department of Social Services are barred by the Eleventh Amendment to the United States Constitution. Pursuant to the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens." Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). This protection also extends to state agencies, Regents of Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997), which are considered "arm[s] of the State," Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977). In Virginia, departments of

5

Case 3:15-cv-00031-GEC Document 34 Filed 09/11/15 Page 5 of 6 Pageid#: 138

social services are considered "arms of the Commonwealth . . . , at least when it comes to their role in protecting children." Nelson v. Herrick, No. 3:11-cv-00014, 2011 U.S. Dist. LEXIS 123618, at *35 (W.D. Va. Oct. 26, 2011); see also Doe v. Mullins, No. 2:10CV00017, 2010 U.S. Dist. LEXIS 74080, at * (W.D. Va. 2010) (holding that the Wise County Department of Social Services, in its role in protecting children, "is properly characterized as an arm of the state"). In the absence of consent to suit or an express waiver of immunity, the Charlottesville Department of Social Services and its Child Protective Services Division are immune from liability under the Eleventh Amendment.

The court likewise concludes that Judge Berry and Stephanie Cangin, the guardian ad litem appointed for her children, are immune from liability. See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) (discussion judicial immunity); see also Fleming v. Asbill, 42 F.3d 886, 889 (4th Cir. 1994) (holding that the defendant, while acting as the guardian, was immune from liability, even if she lied to the judge in open court).

Finally, while Bell has attempted to invoke the court's federal question jurisdiction, her complaint, even under the most liberal construction, fails to allege sufficient facts to state a plausible claim under any federal constitutional or statutory provision against any of the named defendants. Accordingly, the complaint is subject to dismissal under Twombly and Iqbal.

## Conclusion

For the reasons stated, the court will grant the defendants' motions to dismiss. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

ENTER: This 11th day of September, 2015.

*/s/ Glen Conrad*

Chief United States District Judge